FILED

2018 FEB 27 PM 4: 09

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

**HOPE M. JACKSON,**
    **Plaintiff,**

**v.**

**ERIC FANNING, in his official capacity**
**as Secretary of the Army,**
    **Defendant.**

§
§
§
§
§
§
§
§
§

**EP-14-CV-130-DB**

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Plaintiff Hope M. Jackson's ("Plaintiff")

"Motion for New Trial" ("Motion"), filed in the above-captioned case on January 2, 2018.

Therein, Plaintiff asks the Court to order a new trial based on the Court's failure to issue

supplemental or clarifying instructions in response to a jury question during deliberations.    On

January 16, 2018, Defendant Eric Fanning,[1]  in his official capacity as Secretary of the Army,

("Defendant") filed his "Opposition to Plaintiff's Motion for New Trial" ("Response").    On

January 17, 2018, Plaintiff filed her Reply to Defendant's Response.    After due consideration,

the Court is of the opinion that Plaintiff's Motion should be denied.

### BACKGROUND

This is an employment retaliation case.    On November 15, 2017, after a

three-day trial, a jury returned a unanimous verdict in favor of Defendant.    The jury's verdict

rested, at least in part, on the Court's clarifying instruction in response to a question raised

during deliberations.    The question asked:

> If we find in favor of this Plaintiff—but we feel she is not entitled to compensation
> or future pain and suffering, can we do this?

---

[1] Mark T. Esper is the current Secretary of the Army who assumed office on November 20, 2017.   In accordance with
Rule 25(d) of the Federal Rules of Civil Procedure, he is substituted as a party in this litigation for the previous
officeholder.

Jury Note No. 2, ECF No. 157. The Court called all of the attorneys into the courtroom, advised them the jury had a question, and read the question to them. Plaintiff's counsel initially suggested that the Court respond in the affirmative but, after the Court read its proposed instruction and asked whether there were any objections, Plaintiff's counsel stated that the Court's instruction was also proper. The Court's instruction read as follows: "In response to Jury Note Number 2, all instructions the Court can give you are included in the Court's charge. You are to answer the questions submitted and the Court determines the verdict." Resp. to Jury Note No. 2, ECF No. 158. The verdict form stated that a negative answer to the first question would preclude further consideration of Plaintiff's claim. Jury Verdict, ECF No. 160. Because the jury answered "No," it did not reach any other questions. *Id.*

On December 4, 2017, the Court issued a final judgment in favor of Defendant. On January 2, 2018, Plaintiff filed the instant Motion, urging the Court to order a new trial on the grounds that the Court failed to issue proper supplemental instructions to the jury regarding the question.

## STANDARD

Federal Rule of Civil Procedure 59(a) ("Rule 59(a)") provides that a court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). As the Fifth Circuit has explained:

> Rule 59 . . . confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict. The rule does not specify what grounds are necessary to support such a decision but states only that the action may be taken "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course.

2

*Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985) (quoting Fed. R. Civ. P. 59(a)). *See generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §§ 2801–06 (3d ed. 2007) (discussing Rule 59(a) and its application by courts).

"The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court, and reversible only for an abuse of that discretion." *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). However, "[a] decision to grant a new trial is . . . accorded less deference than a decision denying the grant of a new trial." *Ellerbrook v. City of Lubbock*, 465 F. App'x 324, 336 (5th Cir. 2012) (citation omitted).

## ANALYSIS

### 1. The Court's Instruction to the Jury was Proper

The Court's instruction to the jury was proper because it was reasonably responsive to the question and because the charge, as a whole, enabled the jury to understand the issue presented to it. Plaintiff claims that the Court failed to issue supplemental or clarifying instructions in response to the question during deliberations. Pl.'s Mot. New Trial, ECF No. 168, at 1. However, Fifth Circuit precedent undermines Plaintiff's argument.

District courts enjoy "wide latitude in deciding how to respond to questions from a jury." *United States v. Cantu*, 185 F.3d 298, 305–06 (5th Cir. 1999). In determining the adequacy of a response, the main focus is on "whether the court's answer [is] reasonably responsive to the jury's questions and whether the original and supplemental instructions as a whole allow[] the jury to understand the issue presented to it." *Id.* at 306 (quoting *United States v. Mann*, 161 F.3d 840, 864 (5th Cir. 1998)); *see also United States v. Eargle*, 921 F.2d 56, 58 (5th

Cir. 1991) (finding no reversible error in the defendant's contention that a supplemental instruction negated a correct original instruction).

In *United States v. Hale*, the Fifth Circuit determined that a district court's response to a jury note was proper. 685 F.3d 522, 545 (5th Cir. 2012). The defendant was convicted of conspiracy to possess with intent to distribute cocaine. *Id.* at 527. The district court's original jury instructions correctly stated and explained the law in detail. *Id.* at 544–45. The jury note stated:

> In reference to count 1 [conspiracy], can the fact that the defendant knew whether or not the escort involved real or sham cocaine affect the outcome? I ask because the count clearly states the defendant attempted to distribute a controlled substance, when according to the defendant's testimony and knowledge, there was no controlled substance at all.

*Id.* at 544. In reviewing the jury note, the district court determined that during deliberations, the jury focused on the defendant's testimony that he knew there was no cocaine in the vehicle he was escorting because he had been told he was performing a dry run. *Id.* at 545. In its response to the jury note, the district court redirected the jury back to the original instructions, which clearly explained that an agreement to possess and distribute cocaine was enough, and that the government did not need to prove that actual cocaine was used in the escort to convict the defendant of conspiracy.[2] *Id.* In reviewing the district court's response to the jury note, the Fifth Circuit found that "while the response [was] perhaps not the most artful response one can imagine, it [was] reasonably responsive, correct on the law, and refer[red] the jury back to the more detailed and comprehensive original instructions." *Id.* Further, the Fifth Circuit concluded that "the supplemental instructions did nothing to undermine the clarity of the original instructions, and

---

[2] The district court's response to the jury note read as follows: "As instructed by the Court, the Government is not required to prove that actual cocaine was involved; it is only required to prove those elements set out in the Court's Instructions. Please consider the Court's Instructions and continue your deliberations." *Hale*, 685 F.3d at 544.

they adequately informed the jury of what the government needed to prove beyond a reasonable doubt in order to convict [the defendant]." *Id.*

Here, in adhering to the Fifth Circuit's reasoning in *Hale*, the Court finds that its instruction to the jury was proper because it was reasonably responsive to the question and because the charge, as a whole, allowed the jury to understand the issue presented to it. The Court's instruction redirected the jury back to the more comprehensive charge. Resp. to Jury Note No. 2, ECF No. 158. The charge correctly stated and explained the issue of damages in detail. Jury Charge, ECF No. 155, at 7–9. Further, the Court's instruction did not undermine the clarity of the charge, and the charge adequately informed the jury of what Plaintiff needed to prove by a preponderance of the evidence to determine the damages to which she was entitled. Resp. to Jury Note No. 2, ECF No. 158; Jury Charge, ECF No. 155, at 7–9.

Plaintiff argues that the first paragraph of the damages instructions on the charge was "ambiguous" about the possibility of a zero damages verdict. Pl.'s Mot. New Trial, ECF No. 168, at 3. Plaintiff correspondingly claims that the succeeding paragraphs on the charge only "implied the possibility" of damages, and that the verdict form also did so by stating "damages, if any." *Id.* However, these instructions must be considered as part of the whole charge. *See Eargle*, 921 F.2d at 58 (noting jury instructions "may not be viewed in a vacuum"). These instructions, viewed in the context of the charge, do not constitute error. *Id.* Further, the Fifth Circuit has held that a district court does not "clearly abuse its discretion by refusing to grant a new trial on the grounds that a jury instruction, although correct, was not as clear as it could have been." *Seibert v. Jackson Cty.*, 851 F.3d 430, 439 (5th Cir. 2017); *see also United States v. Ramos*, 537 F.3d 439, 465 (5th Cir. 2008) ("To the extent that the defendants argue that the instructions could have better explicated the theory of the defense, they are not entitled to a preferred wording in the

jury instructions."). Finally, Plaintiff argues that at minimum, the Court could have directed the jury's attention to specific portions of the charge, citing *Hale* and claiming that the Fifth Circuit has specifically approved this methodology. Pl.'s Mot. New Trial, ECF No. 168, at 3. However, Plaintiff misconstrues the Fifth Circuit's finding in *Hale*. In acknowledging that the district court's answer was "perhaps not the most artful response one can imagine," the Fifth Circuit simply suggested in a footnote how the district court could have elaborated its response. *Hale*, 685 F.3d at 545 n.1. However, the Fifth Circuit found no error in the district court's response to the jury note. *Id.* Therefore, the Court finds that its instruction was proper.

### 2. Plaintiff Waived her Right to Seek a New Trial

Plaintiff waived her right to seek a new trial by failing to object to the Court's instruction. Plaintiff claims that counsel was not given an opportunity to examine the question and to determine whether prior instructions provided in the charge were responsive. Pl.'s Reply, ECF No. 171, at 3. Plaintiff contends that had counsel been given "even five minutes" to review the charge, counsel would have had the opportunity to argue for an instruction that would clarify the jury's confusion. *Id.* However, Plaintiff's argument fails.

Federal Rule of Civil Procedure 51 ("Rule 51") provides that "(n)o party may assign as error the giving or the failure to give an instruction unless he objects thereto . . . stating distinctly the matter to which he objects and the grounds for his objection." In *Resendez v. Wal-Mart Stores, Inc.*, the Fifth Circuit noted that Rule 51 is clear that "a party must object to jury instructions on the record, or else review is limited to plain error." 180 Fed. App'x 543, 543 (5th Cir. 2006). The plaintiff did not object to the district court's response to a jury note. *Id.* The Fifth Circuit concluded that because the district court's response did not compel any juror as to

how he or she "should vote," the jury instructions were responsive to the question, and the jury instructions allowed the jury to understand the issues presented, there was no error. *Id.*

Here, Plaintiff failed to object to the Court's instruction when offered the opportunity. Thus, under Rule 51, Plaintiff waived her right to seek a new trial and review of her claim is limited to "plain error." *See Resendez*, 180 Fed. App'x at 543. The Court finds that there is no error here because the Court's instruction did not compel any juror as to how he or she should vote, the charge was responsive to the question, and the charge allowed the jury to understand the issue presented to it. *See id.*

Plaintiff contends that she did not waive her right to seek a new trial and cites to *United States v. Sylvester*, 143 F.3d 923 (5th Cir. 1998), to support her argument. However, the Court finds that *Sylvester* has no application to this case. In *Sylvester*, the Fifth Circuit found that a district court erred when it received and answered a question from the jury without notifying counsel. *Id.* at 928. Labeling the procedure "well established," the Fifth Circuit noted that counsel was entitled to be apprised of the substance of the question and should have been afforded an opportunity to be heard. *Id.* (citing *United States v. McDuffie*, 542 F.2d 236 (5th Cir. 1976)). Upon receiving the note from the jury, the district court needed to have notified counsel of the message, shared its contents, and granted each side the opportunity to speak. *Id.* Unlike *Sylvester*, here, the Court did not answer the question without first consulting with counsel and notifying them of the question. Further, the Court read the question fully to them. The Court then proceeded to read its proposed instruction and asked whether there were any objections, giving counsel the opportunity to be heard. Finally, the Court directed the bailiff to deliver the instruction to the jury, but not before Plaintiff's counsel indicated that it was appropriate. If Plaintiff needed more time to reflect on the question or to review the charge to argue for a

different instruction, Plaintiff's counsel should have communicated this to the Court by objecting. Therefore, because Plaintiff's counsel did not object, the Court finds that Plaintiff waived her right to seek a new trial in accordance with Rule 51.

## CONCLUSION

Plaintiff cannot obtain relief under Rule 59(a) for two reasons. First, the Court's instruction to the jury was proper because it was reasonably responsive to the jury's question and because the charge, as a whole, enabled the jury to understand the issue presented to it. Second, Plaintiff waived her right to seek a new trial by failing to object to the Court's instruction. Therefore, the Court is of the opinion that Plaintiff's Motion should be denied.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Hope M. Jackson's "Motion for New Trial" is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions, if any, are **DENIED AS MOOT**.

**SIGNED** this **27th** day of **February 2018**.

_____
**DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**